# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

STEVEN SHANE SHIRLEY
ADC #144488                                                                                          PLAINITFF

V.                          NO. 2:23-cv-00113-BSM-ERE

JOHNSON, *et al.*                                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

*Pro se* plaintiff Steven Shane Shirley an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2.* Mr.

Shirley alleges that Defendants Latasha Davis and Corporal Gracey used excessive force against him on April 15, 2023.[1] *Doc. 1*.

Defendants have filed a motion for summary judgment, a brief in support, and a statement of undisputed facts arguing that Mr. Shirley failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 32, 33, 34*. Mr. Shirley has not responded to Defendants' motion, and the time for doing so has passed. *Doc. 35*. Therefore, the motion is ripe for review.

For the reasons stated below, Defendants' motion for summary judgment should be granted.

**III.    Discussion:**

    **A.    The PLRA Makes Exhaustion Mandatory**

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing

---

[1] The Court previously dismissed Mr. Shirley's claims against Defendant Warden Johnson. *Doc. 12*.

so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Shirley to satisfy the ADC's requirements for raising and exhausting the claims he is asserting in this lawsuit before bringing this action.[2]

B.  **The ADC's Exhaustion Policy**

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 32-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

3

ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 14*.

Thus, to properly exhaust his administrative remedies with respect to his claims against Defendants, Mr. Shirley was required to present the claim in a timely filed grievance and go through all three steps of the ADC's grievance process before initiating this lawsuit. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original).

### C. Mr. Shirley's Grievance History

Defendants submit the affidavit of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor. *Doc. 32-1*. Ms. Brown states that, based on a review of Mr. Shirley's grievance history, she did not find any exhausted grievances "on or after April 15, 2023 and before the filing of Inmate Shirley's Complaint on May 5, 2023, that name or identify Latasha Davis or Travis Gracey." *Doc. 32-1 at 7*.

Mr. Shirley offers no evidence to dispute Defendants' evidentiary showing that he failed to fully exhaust his administrative remedies regarding his claim against them. Accordingly, on this record, there is no genuine issue of material fact

regarding Mr. Shirley's failure to exhaust his administrative remedies, and Defendants are entitled to judgment as a matter of law.

## IV.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 32*) be GRANTED.

2. Mr. Shirley's claims be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

Dated 11 December 2023.

_____
UNITED STATES MAGISTRATE JUDGE